similar provision in a lease to be a chattel mortgage. And see, also, *Smith* v. *Taber*, Id. 313; *Thomas* v. *Bacon*, 34 Hun, 88. The lease recited that the farm was let for one year, and that possession was to remain in the lessor only to the fulfillment of the contract. Plaintiff sought to retain possession of the farm, as well as title to the property, as security for the performance of the contract; but as the retention of possession was only until the contract was fulfilled, and as he retained it for no other purpose than for security, the necessity of filing the contract was not thereby avoided.

No opinion. Judgment and order affirmed, with costs.

<hr>

### RHODES *v.* STONE.

*(Supreme Court, General Term, Fifth Department. January, 1892.)*

1. ASSUMPSIT—RECOVERY BY MEMBER OF FAMILY.

In an action to recover for services performed for defendant's intestate, it appeared that intestate separated from his wife, and cohabited with plaintiff for 32 years; that plaintiff kept house for intestate, and also worked on his farm, performing the labor of an ordinary farm hand. There was evidence of statements made by intestate, frequently in plaintiff's hearing, that she was a great assistance to him in his business, and was aiding him in accumulating property; that she was worth as much to him as an ordinary hired man, and that he intended to pay her for her services; that she should be well paid; that he intended to give her a farm and other property by his will; and that when he died she was to have pay for the labor. *Held*, that there was sufficient evidence of an express contract to support a verdict for plaintiff.

2. SAME—EXPRESS CONTRACT—WHEN NECESSARY.

Where a woman cohabits with a man, keeps house for him, and assists on the farm, in order to recover for the work and labor done, she must prove an express contract.

3. SAME—ILLICIT RELATIONS.

The illegal relation between the parties does not preclude an express contract.

Appeal from special term, Steuben county.

Action by Harriet J. Rhodes against Clinton F. Stone as administrator of the estate of John R. Stone, deceased, for work and labor performed for intestate. Verdict and judgment for plaintiff. Defendant appeals from the judgment, and from an order denying a motion for a new trial. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Francis A. Williams*, for appellant. *D. M. Darwin*, for respondent.

LEWIS, J. This is an action to recover compensation for services performed by the respondent for the defendant's intestate, John R. Stone. The intestate in 1853 separated from his wife, and from that time till his death, in the year 1885, lived and cohabited with the respondent. Their relations were apparently those of husband and wife. They were known and recognized as such by their neighbors and acquaintances. The respondent was all the time aware of the intestate's former marriage, that his wife was living, and that he had not been legally divorced from her. The intestate and the respondent carried on the business of farming. The respondent performed the usual services of a farmer's housekeeper. She also worked upon the intestate's farm, performing the labor of an ordinary farm hand,—assisting the intestate in clearing land, pulling stumps, sowing, planting, cultivating, and harvesting crops. There was evidence, consisting mainly of the statements of the intestate made from time to time while the respondent was performing the services, that she was a great assistance to him in his business, and was aiding him in accumulating property; that she was worth as much to him as an ordinary hired man, and that he intended to pay her for her services; that she should be well paid; that he intended to give her a farm and other property by his will; that when he died she was to have pay for her labor. These declarations as to the valuable services the respondent was rendering, and that

he intended to pay her well for them, were often made in the presence and hearing of the respondent. The services were proven to be worth from two to five dollars a week.

The respondent cannot rely upon an implied agreement to pay her for her labor. Unless the evidence proves an express promise of the intestate to pay her, the verdict cannot be sustained; and if the illicit commerce between the parties was any part of the basis of the promise to pay for respondent's labor the agreement was void. The relations of the parties did not necessarily forbid an express contract between them that the intestate would pay respondent for her labor. *Cooper* v. *Cooper*, 147 Mass. 372, 17 N. E. Rep. 892. There is no suggestion in the evidence that the illicit relations were to form any part of the consideration of the contract. Notwithstanding the improper manner of her life with the intestate, she was at liberty to make an agreement with the intestate to perform labor for him for pay. There was sufficient evidence of such an agreement to sustain the verdict of the jury. While there was evidence tending to show that the respondent had received full compensation for her work for the intestate, this evidence was controverted so that it became a question of fact. The case was very guardedly and fairly presented to the jury, and we think the judgment must be sustained. The judgment and order appealed from are affirmed, with costs. All concur.