HELEN M. GREGG, Doing Business under the Assumed Name of GREGG's GARAGE, Respondent, v. E. M. MORRIS and LEW FLEMING, Doing Business under the Assumed Name of ASSOCIATES DISCOUNT COMPANY, Appellants.— Order affirmed, with ten dollars costs and disbursements. Memorandum: The affidavit of the plaintiff made upon her knowledge alleges a debt for a definitely stated amount for storage of automobiles. It also sets out that the debt for storage is calculated at the contract rate of eight and one-third cents a day per car stored. We think such an affidavit on the part of one with knowledge is a sufficient statement of fact for an attachment without the details of the particular number of days' storage given to any particular car. (*Dexter & Carpenter, Inc.*, v. *Lake & Export C. Corp.*, 196 App. Div. 766; *Finchley, Inc.*, v. *Cooper & Co., Ltd.*, 198 id. 369.) In *Wesley* v. *Drake* (240 App. Div. 59), and some similar cases, there was not such a basis of fact as occurs here, the amount being an opinion of the value of services without the statement of any facts upon which the opinion could reasonably be based. All concur. (The order denies defendants' motion to vacate a warrant of attachment. Defendants appeared specially.) Present — Sears, P. J., Crosby, Lewis, Cunningham, and Taylor, JJ.

In the Matter of the Judicial Settlement of the Account of JOHN F. BURT, as Executor, etc., of THOMAS G. BURT, Deceased, Respondent, and the Determination of the Claims of ANNA COOK and MARY COOK, Appellants, against Said Estate.— Decree affirmed, with costs to respondent payable out of the estate. Memorandum: The record lacks that clear and convincing proof which the law requires to support claims filed against decedents' estates. In view of this fact we disregard technical errors. All concur. (The decree dismisses claims against the estate for services performed.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

LEO GRAHAM and VIVIEN L. GRAHAM, Appellants, v. ANGELO POLIZZI, Respondent.— Judgment reversed on the law and a new trial granted, with costs to the appellants to abide the event. Memorandum: The proof supports the allegations of the complaint. No affirmative defense was pleaded or proved. Nevertheless we cannot grant judgment for the plaintiffs because the plaintiffs asked for damages, and made some proof of damages which are unliquidated. The proof of damages required submission to the jury. We must, therefore, order a new trial. All concur. (The judgment is for defendant in a replevin action.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.