Van Voorhis, J.
This appeal concerns a claim of Ann E. Clark, also known as Mrs. Oliver Gorden, for work, labor and services against the Oliver Gorden estate. She claims to have been employed for more than seven years on the basis of a weekly Wage which was never paid. The amount of the claim is $18,100. It was rejected by the Surrogate. The Appellate Division directed a recovery of $9,000, allowing what it thought the services were worth after deducting the value of board and lodging.
The board and lodging assume greater proportions than usual in the decision of this issue, since during the period of claimants employment she occupied the same room and ate at the same table with decedent, and was known in the community as his wife. After decedent had been divorced by his wife, he and claimant moved from Brooklyn, New York, to West Fulton, a hamlet located in the hills of Schoharie County, where decedent acquired in his own name a small country tavern or inn. From September 25, 1947 until his death on December 20, 1954, they operated this small hostelry without any employees, nor is it disputed that she joined him in performing all of the work connected with the operation of this establishment and their own home life. There is no dispute about any of the testimony.
In her bill of particulars in response to a demand covering the nature of her services and the basis on which they were rendered, claimant stated ‘‘ that the said Oliver A. Gorden, promised and agreed to compensate claimant for the fair and reasonable value of the services rendered, and further agreed to marry claimant, to grant to claimant the same rights and privileges which claimant would have as the wife of said Oliver A. Gorden, and further agreed to make and execute a Will to compensate and care for claimant. Said contract was oral.”
If during the lifetime of Mr. Gorden claimant was not accorded the rights and privileges which she would have had as his wife, she cannot get them by filing a claim against his estate *75 after he is dead. An oral agreement to execute a will in her favor is void under the Statute of Frauds (Burns v. McCormick, 233 N. Y. 230; Rubin v. Irving Trust Co., 305 N. Y. 288). The Surrogate considered that her claim against the estate is barred by a meretricious relationship. The Appellate Division found that the services to be compensated were severable from any personal relationship between them.
A meretricious relationship would not prevent recovery for services rendered in maintaining the tavern or the household if there were an express agreement that she was to be paid — either a stipulated wage or what the services were worth —provided that she was not being paid to be his mistress (Rhodes v. Stone, 63 Hun 624, opinion in 17 N. Y. S. 561). But, as was stated in the opinion in that case (published at 17 N. Y. S. 561, 562): ‘ ‘ The respondent cannot rely upon an implied agreement to pay her for her labor ” where she has been living with a man as husband and wife. The court there said that ‘ The relations of the parties did not necessarily forbid an express contract between them that the intestate would pay respondent for her labor ’ ’, for which she was allowed to recover where there was ‘ ‘ no suggestion in the evidence that the illicit relations were to form any part of the consideration of the contract.” Recovery was allowed in that case for the reason that “ There was sufficient evidence of such an agreement to sustain the verdict of the jury.”
Claimant’s difficulty on this appeal is that, whether married or not, they lived and operated this little tavern in the same manner in which they would have done if they had been formally married. If she had been working as an employee instead of a cle facto wife, she would not have labored from 8 o’clock in the morning until after midnight without demanding pay or without being paid. The records of the inn do not show payments of wages to her, nor do the reports to the State Liquor Authority indicate that she was an employee, although she kept the books and did the paper work, for the establishment. No entries were made of wages paid, accrued or owing. Claimant was not without experience in business affairs.
Witnesses were called to testify to alleged admissions by decedent that claimant was working for him as an employee. *76 It may well be that he stated in his lifetime that he would have had to close the tavern without her or that he would see that she was taken care of. One witness testified that he did say that “ he would see that she got paid for it.” A lifelong woman friend of claimant’s testified, to having told decedent that she must be making $100 a week, to which the friend said he replied: “ No, she is not but she will be paid $50 a week and later I expect to raise it when business picks up.” Whether claimant worked on a pecuniary basis had to be determined under the rule that clear and convincing proof is required to support claims filed against a decedent’s estate (Matter of Burt, 255 App. Div. 1030; Hyman v. Dworsky, 239 App. Div. 413).
Although the Surrogate regarded their meretricious relationship as being a bar to recovery, which is not a necessary consequence, the Surrogate found on the facts that “they maintained the relationship of husband and wife both in their private life and in the operation of the bar and grill, the claimant performing the services which would normally be performed by a wife under such circumstances.” That finding of fact states the truth insofar as we are able to discern it from the record, rather than that she was working for hire as found by the Appellate Division. The Surrogate correctly observed that she' devoted a number of years to the decedent but that ‘ ‘ Any rewards, material or otherwise, that she may have received during this period are, of course, unknown and it may well be such rewards fall short of her expectations.” Under the facts found there is no basis for a claim against the estate.
The order appealed from should be reversed and the decree of the Surrogate’s Court reinstated, with costs to the appellants payable out of the estate.