■ SOPHIA DOMBROWSKI, Respondent, v EUGENE SOMERS et al., as Executors of EDWARD VOGEL, Deceased, Appellants.—Appeal from a judgment of the Supreme Court, entered April 25, 1975 in Greene County, upon a verdict rendered at a Trial Term in favor of plaintiff. Plaintiff instituted this action against the executors of the last will and testament of Edward Vogel. Basing her suit upon an alleged oral contract between herself and Vogel, she claimed that decedent promised her that she would be compensated and taken care of for the rest of her life in return for work, labor and services, such as nursing care, cooking, cleaning, marketing and similar tasks, which she performed for decedent from July 1, 1951 until his death on December 24, 1971. In her complaint, plaintiff sought damages in the sum of $40,000, the alleged reasonable value of her uncompensated endeavors for decedent, and a verdict was subsequently rendered in her favor in the sum of $30,000 following a jury trial. On this appeal, defendants first contend that the instant action was barred by the Statute of Frauds because there was no proof of either an agreement or a note or memorandum thereof being in writing (see General Obligations Law, § 5-701, subd 1; EPTL 13-2.1, subd [a], par [2]). We disagree. Since there was no evidence that the alleged agreement was for either a set term or the remainder of decedent's life, we must assume that it was terminable at will, *(Howes v Peckham Road Corp.,* 14 AD2d 940; *Conrad v Golden,* 275 App Div 946; 10 NY Jur, Contracts, § 412), and, therefore, without the Statute of Frauds. Of prime importance is the fact that the agreement could possibly have been performed within one year, even though it was susceptible of indefinite continuance and actually extended over 20 years until decedent's death *(North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171; *Warren Chem. & Mfg. Co. v Holbrook,* 118 NY 586). We also find without merit defendant's contention that, in view of the six-year Statute of Limitations applicable to contract actions (CPLR 213, subd 2), it was reversible error for the trial court to admit testimony regarding plaintiff's service to decedent more than six years prior to his death. At the trial, plaintiff submitted a memorandum which maintained that defendants were estopped from asserting the Statute of Limitations as a defense because of decedent's inequitable conduct toward plaintiff, and, as a result, the challenged testimony was admitted, subject to being stricken should it develop that defendants were not so estopped. Thereafter, the court ruled that there was no estoppel involved and explicitly charged the jury that, should it reach the question of damages, it was to consider only the time from December 24, 1965 to December 24, 1971. In our opinion, these actions by the court removed any possible prejudice to defendants resulting from the admission of the testimony. Similarly, we will not disturb

the trial court's denial of defendants' motion for a mistrial, which was grounded upon plaintiff's testimony with respect to a conversation between herself and decedent wherein decedent allegedly stated that, in return for her service to him, plaintiff would be taken care of for the remainder of her life. Such a motion is directed to the sound discretion of the court *(Hoe & Co. v Crown Cork & Seal Co.,* 22 AD2d 861, affd 16 NY2d 574), and here not only was the subject testimony stricken as being violative of CPLR 4519, but also the testimony of other witnesses at the trial supplied adequate proof of decedent's promise to provide for plaintiff (cf. *Turner v Danker,* 30 AD2d 564). As to the size of plaintiff's ultimate award, we reject defendants' contention that it is excessive and based upon pure speculation. In cases such as this, it is extremely difficult to make precise evaluations, and we find that the jury, with the minimum wage law as a guide, reached a common sense verdict which was proper and should be affirmed (cf. *Matter of Harvey,* 15 AD2d 834). Finally, since this action was tried on the basis of an alleged contract between plaintiff and decedent and the jury was charged that plaintiff, to recover, must establish an actual agreement, either express or implied, between herself and decedent, we deem the parties' various contentions on this appeal with regard to plaintiff's possible entitlement to a recovery on a theory of quasi contract to be irrelevant and do not consider them. Judgment affirmed, with costs. Sweeney, J. P., Koreman and Main, JJ., concur; Kane and Larkin, JJ., dissent and vote to dismiss the complaint in the following memorandum by Kane, J. Kane, J. (dissenting). Three witnesses testified that they heard decedent say he would "take care of" plaintiff. None recalled any specific date and none maintained that these admissions recurred after the early part of 1969. Only one stated that he thereafter observed plaintiff performing services for decedent "whenever he was home" and only this witness mentioned plaintiff's presence during such an admission. He failed, however, to say when or how many times this might have occurred. The other two witnesses were consistent; they clearly indicated that plaintiff and decedent experienced "problems" after 1968, in the words of one, and "parted their amicable company" at about that time, in the words of the other. The record further reveals that plaintiff was paid for secretarial services she rendered to decedent's jewelry business; that his interest in that business was turned over to her following his retirement in 1964; that she had the use of a Cadillac automobile supplied by decedent; and that plaintiff resided with and shared a bedroom with decedent which, although it accommodated plaintiff in a bed, required that he sleep in a "reclining chair." Plaintiff did not file her claim against the estate for "housekeeping" services until July of 1973, over 18 months after decedent's death and over four years beyond the time the jury could have found decedent's last expression of concern for plaintiff's welfare. In my view such a claim should never have been permitted to reach the jury in the first instance, but should have been dismissed upon defendant's request at the close of plaintiff's case. Clear and convincing proof is required to support such a claim filed against a decedent's estate *(Matter of Gorden,* 8 NY2d 71, 76; *Matter of Adams,* 1 AD2d 259, affd 2 NY2d 796; *Matter of Block,* 258 App Div 342). Here, there is not one word in the record that decedent ever promised plaintiff *compensation* for her household chores; the language that she would be "taken care of" was plainly used in the context of a proposed testamentary disposition for which the required proof by means of a writing was lacking. Moreover, reliance on unparticularized admissions as the foundation of an implied contract theory is particularly weak where, as here, there was other evidence demonstrating that plaintiff was recom-

pensed for certain other services and may well have performed her household duties without the expectation of further pay because of her relationship with decedent. It is hard to accept the proposition that an employee would delay in pressing a claim for services rendered for such a lengthy period. The circumstances of this case strongly suggest that the instant action was an afterthought registering plaintiff's disappointment in not sharing in decedent's estate. No matter how the foregoing authorities are distinguished on a factual basis or how broadly the inferences favorable to plaintiff's position are drawn, there was simply no clear and convincing evidence that plaintiff undertook or continued her obligations in consideration of decedent's expressions. Even if it is assumed that plaintiff made out a prima facie case, a new trial is indicated. Plaintiff adduced certain testimony in deliberate violation of CPLR 4519 at the very end of her direct case. Earlier, extensive proof was introduced which centered on the long-standing nature of her association with decedent prior to the relevant date of December 24, 1965. Although the jury was instructed to disregard the former incident and not to consider plaintiff's services which fell beyond the period of limitations, it can scarcely be doubted that they sympathized with her situation and were likely influenced in their verdict by inadmissible proof. Finally, and in any event, the verdict is grossly excessive. The record does not support any award for services beyond 1968 and damages were restricted to the period after December 24, 1965. Plaintiff continued decedent's business during that time and presumably spent time and effort managing it. There was no evidence concerning the reasonable value of her services as a housekeeper; only minimum wage information was supplied to the jury. Applied to a full six-year period, those schedules would not have produced an award approaching the jury's verdict. This reinforces my belief that the jury was influenced by improper factors to reach its result. The complaint should be dismissed.