■ FRANCES MORONE, Also Known as FRANCES CROSS, Appellant, v FRANK MORONE, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered March 15, 1978 in Albany County, which granted defendant's motion to dismiss the complaint. Although the parties were never legally married, they reside in the same premises and, since 1952, defendant has publicly held out plaintiff as his legal wife and mother of the two children who were born of their relationship. For a first cause of action,

plaintiff alleges that since 1952 she has, at defendant's request, performed domestic services in his home expecting compensation for which she now seeks recovery. For a second cause of action, plaintiff alleges that in 1952 the parties entered into an oral "partnership agreement" whereby she would perform services of a "domestic nature" and defendant would support and "take care of the plaintiff and do right by her". Although the profits from the agreement were to be used for the equal benefit of the parties, defendant has allegedly failed, since December of 1975, to support and provide for plaintiff despite her request that he "do the right thing" pursuant to their partnership agreement. Plaintiff accordingly demands an accounting by defendant of all moneys, properties and assets which he has received since 1952. Special Term granted defendant's motion to dismiss the complaint for failure to state a cause of action, and this appeal ensued. Although "A meretricious relationship would not prevent recovery for services rendered in maintaining the * * * household if there was an express agreement that she [plaintiff] was to be paid" (Matter of Gorden, 8 NY2d 71, 75), plaintiff may not rely upon " 'an implied agreement to pay her for her labor' " (Matter of Gorden, supra, p 75, quoting Rhodes v Stone, 17 NYS 561, 562). Thus, plaintiff's first cause of action must fail because there is no allegation that such an express agreement existed. Plaintiff does not allege that defendant promised to pay her; to the contrary, she merely alleges that she "expected" to receive compensation. The second cause of action is also defective despite the allegation that a "partnership agreement" existed between the parties. Despite the recitation in the second cause of action of the existence of a partnership agreement, it is reasonable to assume that such an agreement is predicated upon the same oral agreement alleged in the first cause of action, which, as noted above, is contextually inadequate to support an action based upon an oral contract. Order affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney and Main, JJ., concur.

Mikoll, J., concurs in part and dissents in part in the following memorandum. Mikoll, J. (concurring in part and dissenting in part). The issue on a motion to dismiss for failure to state a cause of action under CPLR 3211 (subd [a], par 7) is whether or not the pleading, considered as a whole, states in some recognizable form any cause of action known to our law (Dulberg v Mock, 1 NY2d 54; H. M. Brown, Inc. v Price, 38 AD2d 680). CPLR 3026 mandates that pleadings be liberally construed and defects ignored if a substantial right of a party is not prejudiced. If the identity of the transactions or occurrences sought to be litigated is clear, pleading irregularities, defects and omissions should be disregarded as there is no prejudice to the opposing party (Foley v D'Agostino, 21 AD2d 60). The question to be resolved is whether the complaint states a cause of action and not whether the plaintiff has any substantial hope of proving one. Plaintiff's complaint alleges a contract or partnership agreement* which imposed on the defendant the obligations of compensation for services rendered by the plaintiff to him and support. The consideration for this promise on the part of the defendant was performance by the plaintiff of specified business and domestic services. Plaintiff alleges performance on her part and failure of defendant to fulfill his promises resulting in damage to the plaintiff in the amount of $250,000. Allowing plaintiff the benefit of every possible infer-

---

* The partnership agreement is alleged in the second cause of action. It is reasonable to conclude that the same contract is involved in both causes of action.

ence, she has alleged enough to state a cause of action in contract. Plaintiff should be given an opportunity to prove whether there was an express agreement that she was to be paid. The mere allegation of meretricious relationship by the defendant is not enough to defeat a contractual obligation if there was an express agreement (*Matter of Gorden*, 8 NY2d 71). The second cause of action is fatally defective and was properly dismissed because it fails to set out the business purpose of the partnership agreement. The judgment should be modified by reversing as to the first cause of action and affirming dismissal of the second cause of action.