**Joel S. KORBY, Plaintiff,**

v.

**Ericka V. ERICKSON, Defendant.**

**No. 82 Civ. 4607.**

United States District Court,
S.D. New York.

Nov. 1, 1982.

Stein, Zauderer, Ellenhorn, Friedman & Kaplan, New York City, for plaintiff; Harry Frischer, New York City, of counsel.

Raoul Lionel Felder, New York City, for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

This action centers about a controversy as to the proceeds of the sale of the shares of a cooperative apartment which were issued in the name of Joel S. Korby, the plaintiff, and Ericka V. Erickson, the defendant, as "joint tenants with right of survivorship." Plaintiff seeks a declaratory judgment that he is entitled to the entire proceeds and that the defendant has no interest therein or in the proceeds derived from the sale of the furniture that was contained in the apartment.

Plaintiff is a citizen of the State of New York. Defendant is a citizen of Australia. There is and can be no challenge to diversity jurisdiction under 28 U.S.C., section 1332(a)(2). However, the defendant moves to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground of lack of subject matter jurisdiction. The basis of the motion is the defendant's claim that although the parties are not and never were husband and wife, the hard core of this action is a "domestic relations" dispute.

The complaint alleges that the plaintiff purchased the apartment with his funds in 1977 when both parties contemplated marriage; that thereafter they decided not to marry, whereupon the cooperative apartment was sold and a dispute arose as to who was entitled to the proceeds, following which plaintiff commenced this action. The defendant interposed a counterclaim seeking half the proceeds of the sale upon separately stated claims that: (1) plaintiff made a gift to her of half the shares evidencing ownership of the apartment; (2) plaintiff promised to give her half the proceeds of the sale which he is now estopped from revoking; and (3) plaintiff and defendant entered into an express agreement entitling her to half the proceeds. Stripped down to its essentials, and however worded, all her

claims center about an alleged oral agreement made in 1976 and renewed in 1977, 1978, 1979 and 1980 that the parties "would live together and would combine their skills, efforts, labor, earnings and investments"; that they further agreed, in the event of dissolution of their relationship by death, separation or otherwise, all property acquired by either of them prior to such termination would be divided equally; that during the aforesaid period they did in fact live together and conduct their relationship "with the same force and effect as husband and wife"; that during the existence of their agreement the shares of stock evidencing ownership of the cooperative apartment were acquired and subsequently sold and by reason thereof she is entitled to fifty per cent of the proceeds. Based upon these and similar allegations, the defendant contends this action is akin to a "domestic relations" dispute that comes within the well-recognized exception to the diversity jurisdiction of this Court[1] and urges that the action be dismissed for lack of subject matter jurisdiction. However, as Judge Friendly has observed, "the scope of the exception relating to matrimonial actions . . . has been rather narrowly confined."[2] The issue then is whether the instant action comes within the narrow confines of the matrimonial or the more comprehensive domestic relations exception.

■ Generally, the exception is based upon a true marital relationship and encompasses the incidental rights that flow therefrom such as support of a spouse or children, custody of children, property interests and probate administration—rights legally enforceable by virtue of the legal status.[3] It is clear that the instant situation does not fit into any of these categories. The fact that as an incident of the alleged agreement to combine their skills, earnings and investments the parties also agreed to live together and did live together as husband and wife did not create a matrimonial status so as to come within the exception. It did not give rise to any legally enforceable right to support or maintenance or the other property rights or interests that arise from a legal marital status and are incidental thereto.

Defendant's counterclaims allege express contracts which are recognized by New York State and are enforceable as such.[4] But this type of claim does not "raise issues 'in which the [State of New York has] an especially strong interest and a well-developed competence for dealing with them.' "[5] The issues presented by defendant's contract claims are of a common garden variety that not only do not require the special competence of the state courts, but are routinely determined by the federal courts in diversity actions.[6] Under all the circumstances, this District Court has subject matter jurisdiction over the instant controversy.

■ Merely because the Court has power to entertain the dispute, however, does not mean that as a matter of comity it should not stay its hand and abstain in favor of a pending state court proceeding.[7] Even so, there is no reason to abstain here. As already noted, this is merely a breach of

1. See generally P. Bator, P. Mishkin, D. Shapiro & H. Wechsler, Hart & Wechsler's The Federal Courts & The Federal System 1189–92 (2d ed. 1973 & Supp.1981); Vestel and Foster, "Implied Limitations on the Diversity Jurisdiction of the Federal Courts," 41 Minn.L.Rev. 1, 23–31 (1956).

2. Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel, 490 F.2d 509, 514 (2d Cir.1973).

3. See, e.g., id.; Spindel v. Spindel, 283 F.Supp. 797 (E.D.N.Y.1968).

4. Morone v. Morone, 50 N.Y.2d 481, 413 N.E.2d 1154, 429 N.Y.S.2d 582 (1980). See also Matter

of Gorden, 8 N.Y.2d 71, 168 N.E.2d 239, 202 N.Y.S.2d 1 (1960).

5. Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel, 490 F.2d 509, 516 (2d Cir.1973) (quoting C. Wright, Federal Courts § 25, at 84 (2d ed. 1970)).

6. See, e.g., Crouch v. Crouch, 566 F.2d 486, 487 (5th Cir.1978); Graning v. Graning, 411 F.Supp. 1028, 1029 (S.D.N.Y.1976).

7. Cf. Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel, 490 F.2d 509, 515–17 (2d Cir. 1973).

contract action in which the plaintiff is seeking an affirmative declaration that there never was a contract in force, and the defendant is seeking to enforce the disputed agreement. The substantive issues themselves, therefore, do not merit abstaining in favor of a state court action.[8] Moreover, neither do the equities. Although the defendant complains that by allowing this action to go forward there is a risk of inconsistent judgments, that risk was created by defendant herself by filing the state court action after issue was joined herein and after she had interposed a counterclaim which parallels the complaint in her subsequently filed state court action. If this Court were to reward such conduct by abstaining in favor of a later filed state action, a plaintiff's right to a federal forum, as guaranteed by the diversity jurisdiction statute, would be completely eviscerated.[9] Federal courts have an "unflagging" obligation to adjudicate matters properly brought before them.[10] This is such a matter. Moreover, any risk of an inconsistent judgment can readily be dissolved by defendant either consenting to dismiss or to stay her state court action; finally any judgment first entered in either action will have preclusive effect.

Accordingly, defendant's motion to abstain is also dismissed.

So ordered.

---

**8.** Cf. Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

**9.** See, e.g., Payne v. Hook, 74 U.S. (7 Wall.) 425, 429–30, 19 L.Ed. 260 (1868); Suydam v. Broadnax, 39 U.S. (14 Pet.) 67, 75, 10 L.Ed. 357 (1840).

**10.** Colorado River Water Conservation District v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 415, 84 S.Ct. 461, 464, 11 L.Ed.2d 440 (1964); Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 404, 5 L.Ed. 257 (1821) (dictum).