■ MARGARET PETERS, Appellant, v GEORGE S. MORSE, as Executor of LYLE NELSON, Deceased, Respondent. — Appeal from an order and judgment of the Supreme Court at Special Term (Mercure, J.), entered December 9, 1982 in Washington County, which granted defendant's motion to dismiss the complaint as barred by the Statute of Frauds. Plaintiff, a licensed practical nurse, commenced caring for Lyle and Harriet Nelson, an elderly couple, on October 10, 1976. As part of her duties, she visited the Nelson home each day to attend to their medical needs and do normal household chores. After Mrs. Nelson died in July, 1977, plaintiff continued to perform the same services for Mr. Nelson until his death on August 31, 1979. During Mr. Nelson's final illness, plaintiff moved into the Nelson residence to provide continuous care for him. It is uncontroverted that plaintiff was never paid for her services but relied upon the Nelsons' repeated oral promises that they would convey their farm to her upon their deaths. In a will, executed just before his death, Lyle Nelson left plaintiff nothing; she then instituted this suit against the executor of Mr. Nelson's estate seeking recovery in *quantum meruit* for the reasonable value of her services and, in a second cause of action, enforcement of an oral agreement to devise the farm to her. Special Term, dismissing the complaint in its entirety, found the contract cause of action was barred by the provisions of EPTL 13-2.1 (subd [a], par [2]), which require that a contract to make a testamentary disposition be in writing, and refused to allow the *quantum meruit* claim, maintaining it would "render impotent EPTL 13-2.1". During appellate argument, plaintiff conceded that the contract cause of action had been properly dismissed, leaving for resolution only the *quantum meruit* ruling. The fact that an express contract is unenforceable because of its failure to comply with the Statute of Frauds does not mean that quasi-contractual recovery for the reasonable value of services rendered is, therefore, necessarily unavailable (*Silberberg v Haber*, 42 AD2d 552). Indeed, the right to recover has long been recognized in the specific circumstances presented, namely, when there has been an oral contract to make a bequest (*McKeon v Van Slyck*, 223 NY 392, 399; *Matter of Dertadian*, 271 App Div 861), and there is nothing in either the EPTL or *Dombrowski v Somers* (41 NY2d 858, revg 51 AD2d 636) which alters this durable rule. Special Term's fear of undermining the requirement that a contract to make a testamentary disposition be in writing is unfounded because the recovery afforded persons like plaintiff is limited to the reasonable value of services they performed; the consideration which would have been forthcoming had the terms of the oral agreement been enforced is irrelevant (see *Hausen v Academy Print. & Specialty Co.*, 34 AD2d 792) unless it can be helpful in determining the reasonable value of the services provided. That this distinction is real is evidenced by the fact that plaintiff can receive only the value of her services and not the property promised by decedents. With respect to *Dombrowski v Somers* (*supra*), an examination of our opinion and that of the Court of Appeals discloses that the issue there did not involve quasi contract but centered on the vagueness of the oral promise to make a testamentary bequest. Furthermore, as pointed out by the dissent in this court (*Dombrowski v Somers*, 51 AD2d 636, 637 [Kane, J., dissenting]), *quantum meruit* was inappropriate because of the intimate relationship between the

plaintiff and decedent, the compensation the plaintiff received from decedent during the latter's lifetime, and the complete absence of proof of the reasonable value of the plaintiff's services. In contrast, plaintiff in the instant case performed important services which are well documented; her relationship with the Nelsons was not one which would suggest that she aided them without expectation of pay (cf. *Matter of Gordon,* 8 NY2d 71), and she presented a bill for her services during Mr. Nelson's lifetime. Finally, defendant's argument that the prohibition against *quantum meruit* recovery in "finders' fees" cases (General Obligations Law, § 5-701, subd a, par 10) should be extended by analogy to prohibit *quantum meruit* recoveries against decedents' estates is unpersuasive. The "finders' fees" provision was enacted to meet specific problems not inherent in *quantum meruit* claims directed at decedents' estates (see 1964 Report of NY Law Rev Comm, pp 173-179). Furthermore, curtailment of abolition of this traditional right to secure restitution from estates for services rendered to the decedent is a matter best left to the Legislature. Order and judgment modified, on the law, by reversing the dismissal of plaintiff's first cause of action for the reasonable value of her services, motion for dismissal of said cause of action denied, and, as so modified, affirmed, with costs to plaintiff. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.