*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   April 2, 2015                    519118
_____

MARIA-TERESA RAUCH,
                    Appellant,
         v                                    MEMORANDUM AND ORDER

DOMINICK J. CIARDULLO,
                    Respondent.
_____

Calendar Date:   February 19, 2015

Before:   Peters, P.J., McCarthy, Rose and Clark, JJ.

_____

        Maria-Teresa Rauch, Wappingers, appellant pro se.

        The Catalina Law Office, Peekskill (Frank A. Catalina of
counsel), for respondent.

_____

Rose, J.

        Appeal from an order of the Supreme Court (Devine, J.),
entered August 20, 2013 in Schoharie County, which, among other
things, granted defendant's motion to dismiss the complaint.

        Plaintiff commenced this action against defendant, her
father, alleging causes of action for, among other things, breach
of contract and quantum meruit.  Plaintiff alleged that defendant
had orally agreed in 2001 to convey his interest in a seasonal
cabin owned by him in the Town of Jefferson, Schoharie County to
her in exchange for her performance of maintenance and
improvements on the property.  Plaintiff also alleged that she
agreed to perform paralegal work for defendant in 2010 in
exchange for a deed to the property.  According to plaintiff, she
performed her end of the bargain from 2001 until 2013, when
defendant revoked her permission to use the property.  Plaintiff

filed mechanic's liens against the property, commenced this action to recover for the services that she allegedly performed on defendant's behalf and, by order to show cause, sought unrestricted access and exclusive use of the property. Defendant made a pre-answer motion to dismiss the complaint, alleging that it was barred by the statute of limitations and the statute of frauds. Supreme Court agreed and granted defendant's motion, concluding that plaintiff failed to state any cognizable claims. Plaintiff appeals.[1]

We agree with Supreme Court that plaintiff's claim for breach of contract, based on an alleged oral agreement to convey real property, is barred by the statute of frauds (see General Obligations Law § 5-703 [1]; Lowinger v Lowinger, 287 AD2d 39, 44-45 [2001], lv denied 98 NY2d 605 [2002]; Prado v De Latorre, 194 AD2d 656, 657 [1993], lv denied 82 NY2d 661 [1993]). The statute of frauds does not, however, preclude "quasi-contractual recovery for the reasonable value of services rendered" (Moors v Hall, 143 AD2d 336, 337 [1988]; see Kennedy v Leibowitz, 303 AD2d 375, 376 [2003]; Peters v Morse, 96 AD2d 662, 662 [1983]). Accepting as true the allegations in plaintiff's complaint, they adequately set forth a cognizable claim for quantum meruit based on the alleged performance of services by plaintiff and her expectation of payment from defendant (see Farash v Sykes Datatronics, 59 NY2d 500, 503 [1983]; Grimes v Kaplin, 305 AD2d 1024, 1024 [2003]; Peters v Morse, 96 AD2d at 662). Inasmuch as the quantum meruit cause of action is subject to a six-year statute of limitations, however, plaintiff's claims are barred to the extent that they allege the performance of services prior to April 25, 2007, which is six years from the commencement of the action (see CPLR 213 [2]; Donahue-Halverson, Inc. v Wissing Constr. & Bldg. Servs. Corp., 95 AD2d 953, 953 [1983]).

Peters, P.J., McCarthy and Clark, JJ., concur.

---

[1] In her brief, plaintiff does not address her cause of action to foreclose the mechanic's liens and, accordingly, we deem this issue to be abandoned (see Costa v Callahan, 41 AD3d 1111, 1117 [2007]).

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to dismiss the quantum meruit cause of action for performance of service on or after April 25, 2007; motion denied to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court