| Cohen v 212 W. 93 Owner LLC |
|:---:|
| 2024 NY Slip Op 33937(U) |
| November 4, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654404/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LYLE E. FRANK

*Justice*

PART     11M

-----------------------------------------------------------------------X

DANIEL COHEN,

Plaintiff,

- v -

212 WEST 93 OWNER LLC,212 WEST 93RD STREET LLC

Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654404/2023 |
| MOTION DATE | 05/14/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 25, 26, 27, 28

were read on this motion to/for                    DISMISS                    .

Upon the foregoing documents, defendants' motion to dismiss is denied.

## Background

This case arises out of a dispute over an alleged contract for a real estate finder's fee. In 2013, plaintiff Daniel Cohen ("Cohen" or "Plaintiff") became aware that the Congregation Shaare Zedek (of which Cohen was a member) was looking to sell synagogue property located at 212 W. 93rd Street in Manhattan (the "Property"). Cohen reached out to defendants Ornstein Leyton Realty Inc. and Ornstein Leyton Realty LLC (collectively, "OLR" or "Defendants"), doing business as Ornstein Leyton Company. Over the next several years, Cohen, OLR and the leadership of the synagogue board negotiated the sale of the Property to OLR.

Cohen and OLR's partners Scott Leyton and Alec Ornstein discussed several different compensation methods for Cohen's role in the transaction during this time period. Particularly relevant to this motion is an email sent from Leyton to Cohen and Ornstein on May 6, 2014. In this email, Leyton stated that "[a] formal agreement needs to be drawn up, but below are the terms that we have agreed to, Daniel Marks Cohen will receive $500,000 at closing, as and when

**654404/2023   COHEN, DANIEL vs. ORNSTEIN LEYTON REALTY INC. ET AL**
**Motion No. 002**

**Page 1 of 5**

title passes, on the above referenced property." Cohen alleges that after this email was sent, Cohen "remained the primary intermediary between OLR and the synagogue leadership" as the purchase negotiations continued. Cohen further alleges that over the next year he made several attempts to formally memorialize this email agreement, but OLR failed to sign any written draft.

In August of 2016, Cohen and Leyton met in person to discuss the purchase of the Property and Cohen's compensation. According to Cohen, Leyton claimed not to have the money to pay Cohen and that OLR "would pay Cohen when he gets paid, meaning when the project is completed." Cohen also states that at this meeting, he gave Leyton a copy of the May 6, 2014, email, referred to it as a binding agreement, and that Leyton did not dispute this assessment of the email but "simply said that he did not have the money." The two continued to argue about the finder's fee and at one point Leyton is alleged to have told Cohen "[y]ou will have to sue me." In June of 2023, title to the Property passed to an entity controlled by OLR. Cohen emailed Leyton in July reminding him of the finder's fee arrangement and providing payment instructions, but the email received no response. A demand letter was sent on August 9th, and then on September 08, 2023, Cohen filed suit seeking to enforce the $500,000 finder's fee. The amended complaint states two quasi-contract claims of unjust enrichment and quantum meruit. Defendants filed the present motion to dismiss, arguing that the suit is barred by the statute of limitations.

**Standard of Review**

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to

**654404/2023   COHEN, DANIEL vs. ORNSTEIN LEYTON REALTY INC. ET AL**
**Motion No.  002**

**Page 2 of 5**

2 of 5

[* 2]

assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence." Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994).

CPLR § 3211(a)(5) allows for a complaint to be dismissed if, among other reasons, it is barred by the statute of limitations. For motions made pursuant to this provision, the defendant has the "initial burden of demonstrating, prima facie, that the time within to commence the cause of action has expired", at which point the burden then shifts to the plaintiff to "raise a question of fact as to whether the statute of limitations is tolled or otherwise inapplicable." *Haddad v. Muir*, 215 A.D.3d 641, 642-43 (2nd Dept. 2023).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

**Discussion**

Defendants move pursuant to CPLR § 3211(a)(1), (5), and (7) to dismiss the amended complaint on the grounds that each cause of action is time-barred. Their argument is that the services Cohen provided regarding the sale of the Property occurred in 2013 and are thus barred

**654404/2023   COHEN, DANIEL vs. ORNSTEIN LEYTON REALTY INC. ET AL**
**Motion No.  002**

Page 3 of 5

3 of 5

by the six-year statute of limitations for quasi-contract claims found in CPLR § 213(2). Other potential dates of accrual that Defendants put forth is the date of the development agreement between OLR and the Shaare Zedek (January 2016), or, at the latest, when Cohen alleges that he was put on notice that OLR had no intention to pay him (the August 18, 2016, meeting with Leyton where Leyton allegedly stated "you'll have to sue me"). In response, Plaintiff argues that the date of accrual is June 2023, when the title to the Property passed to OLR.

The issue before the Court on this motion is at what date Plaintiff's cause of action for the quasi-contract claims accrued. On a motion to dismiss based on CPLR § 3211(a)(5), the defendant "bears the initial burden of proving, prima facie, that the time in which to commence an action has expired." *21st Mtge. Corp. v. Balliraj*, 177 A.D.3d 687, 687 (2nd Dept. 2019). Generally, a claim for quasi-contract is time-barred when it alleges the performance of services prior to the six-year mark. *Rauch v. Ciardullo*, 127 A.D.3d 1293, 1294 (3rd Dept. 2015). It is pursuant to this concept that Defendants argue that Plaintiff's claims are time-barred. But here Plaintiff is seeking to enforce the email agreement that stated that Cohen would receive a finder's fee when title to the Property passed to OLR. And when a cause of action is "asserting a claim for payment of a sum of money allegedly owed pursuant to a contract", the accrual date is the time at which "the plaintiff possesses the legal right to demand payment." *Gould v. Decolator*, 121 A.D.3d 845, 847 (2nd Dept. 2014). Here, that date according to the agreement alleged by Plaintiff, is in 2023 when the title passed.

Defendants argue that because Leyton made statements to the effect that there was an intent not to perform according to any agreement laid out in the May 2014 email, that Cohen's cause of action accrued at the date of the alleged statements (2016). But these were mere statements going to a potential anticipatory breach and did not yet constitute a breach that would

**654404/2023   COHEN, DANIEL vs. ORNSTEIN LEYTON REALTY INC. ET AL**          **Page 4 of 5**
**Motion No.  002**

[* 4]                                                     4 of 5

give Cohen standing to sue. A "claim for unjust enrichment accrues upon the occurrence of the alleged wrongful act giving rise to restitution." *Kaufman v. Cohen*, 307 A.D.2d 113, 127 (1st Dept. 2003). Furthermore, and more specifically in the context of broker's and finder's fees, if the right to final payment is subject to a condition, "the obligation to pay arises, and the cause of action accrues, only when the condition has been fulfilled." *Zere Real Estate Servs., Inc. v. Parr Gen. Contr. Co. Inc.*, 102 A.D.3d 770, 771 (2nd Dept. 2013).

Here, the alleged wrongful act that gave Cohen a basis for restitution is the failure to conform to the alleged agreement in the May 2014 email, namely, that Cohen would receive $500,000 when title passed. Because title did not pass until 2023, Cohen did not have standing to sue for restitution pursuant to the alleged May 2014 agreement until 2023. Thus, the statute of limitations for those claims did not begin to run until the condition that the agreement was subject to (the title passing) occurred. The Plaintiff's causes of action seeking to enforce the quasi-contract created by the May 2014 email was brought in a timely fashion.

The Court has considered the Defendants' other arguments and found them unavailing. Accordingly, it is hereby

ADJUDGED that the defendants' motion to dismiss is denied; and it is further

ORDERED that Defendants are directed to serve an answer to the complaint within 20 days after service of a copy of this order with notice of entry.

20241104135721LFRANK0D1DD9DAB06C44D89617E40C88DFFF5C

| | |
|---|---|
| **11/4/2024** | |
| DATE | LYLE E. FRANK, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**654404/2023   COHEN, DANIEL vs. ORNSTEIN LEYTON REALTY INC. ET AL**
**Motion No.  002**

Page 5 of 5