519 So.2d 671 (1988)
James W. ELLIOTT, Appellant,
v.
William A. TIMMONS, Appellee.
No. BS-105.
District Court of Appeal of Florida, First District.
January 22, 1988.
Rehearing Denied February 23, 1988.
G. Thomas Smith of Smith, Sauer & Walker, P.A., Pensacola, and Robert P. Smith, Jr., of Hopping, Boyd, Green & Sams, Tallahassee, for appellant.
*672 J. Nixon Daniel, III, of Beggs & Lane, Pensacola, for appellee.
SMITH, Chief Judge.
Elliott appeals a final judgment rendered pursuant to a jury verdict in favor of Timmons. The evidence, though conflicting, supports a jury finding that the parties entered into an oral contract whereby Elliott, through his partner or agent, agreed to convey mineral lease acres to Timmons, and that this contract could be enforced, despite the statute of frauds defense, because Timmons had partially performed his obligations under the agreement. On appeal, Elliott contends the statute of frauds bars recovery because Timmons's actions, relied upon as "performance," were not referrable to the agreement. Upon consideration of this and other arguments by appellant, we affirm.
All of the principals, except Elliott, agree to the following version of the facts. Elliott and Louis Mullen, who are from Mississippi, formed a partnership and began developing oil and gas leases in the Jay and Blackjack areas in Santa Rosa County. They became acquainted with Timmons and Wendell Moore, knowledgeable Santa Rosa County area residents, who introduced them to certain locals from whom they sought to acquire oil leases. This practice is known in the trade as "bird-dogging" and was very valuable to Elliott and Mullen.
In July 1971, in appreciation for and in consideration for Timmons's and Moore's bird-dogging efforts which enabled Mullen to acquire oil leases in section eleven, Mullen, acting within the scope of his partnership agreement with Elliott, or within his apparent authority, agreed to sell to Timmons and Moore four mineral lease acres in section eleven (the Blackjack area) for the favorable price of $400.00 per acre. Over the next several years, either Elliott or Mullen, or both, repeatedly assured Timmons and Moore that the transfer would be made. In the meantime, Timmons and Moore continued to do some bird-dogging for Mullen in the Jay area. Eventually, in 1977, Mullen and Elliott agreed between themselves that Elliott would satisfy the obligation owed to Timmons and that Mullen would satisfy the obligation to Moore. Mullen satisfied his obligation but Elliott did not.
Blackjack Creek became a celebrated oilproducing area. In 1979, Timmons sued Elliott, seeking specific performance of the assignment of the two mineral lease acres, and damages. After a jury verdict in favor of Timmons, a final judgment was entered awarding Timmons $181,541.86 in damages and another $89,643.31 in prejudgment interest.[1]
It is well-established that partial or complete performance removes an oral contract from the statute of frauds. Futch v. Head, 511 So.2d 314, 319 (Fla. 1st DCA 1987), citing W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323 (Fla. 1st DCA 1980). Moreover, in Futch v. Head, this court recognized that performing introductions for people (referred to in this case as bird-dogging) may constitute sufficient consideration for compelling performance of a contract. In seeking reversal, Elliott urges us to ignore the substantial evidence upon which the jury could have relied in concluding that Timmons and Moore partially performed their obligations under the agreement. While it is true that acts done in furtherance of partial performance must be referrable exclusively to the contract, Miller v. Murray, 68 So.2d 594 (Fla. 1953), it appears to us that the jury properly could find that Timmons's and Moore's assistance met this test. See also, Cottages, Miami Beach, Inc. v. Wegman, 59 So.2d 528 (Fla. 1952); Gleason v. Leadership Housing, Inc., 327 So.2d 101 (Fla. 4th DCA 1976); and 73 Am.Jur.2d, Statute of Frauds, § 408.
*673 Elliott's remaining point is without merit. Accordingly, the final judgment is AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.
NOTES
[1] In his brief, the attorney for Timmons states that prior to the resolution of this law suit, Elliott had conveyed the leasehold interests in section eleven in which Timmons claimed ownership. Accordingly, Timmons's remedy was limited to damages.