682 So.2d 650 (1996)
Brenda Joy HARRISON, Appellant,
v.
Marvin PRITCHETT, Appellee.
No. 95-3929.
District Court of Appeal of Florida, First District.
November 5, 1996.
*651 Brent Owens of Coffey, Tillman, Kalishman & Owens, P.A., Gainesville, for Appellant.
Michael W. Jones, P.A., Gainesville, for Appellee.
VAN NORTWICK, Judge.
Brenda Joy Harrison appeals a final judgment on the pleadings in her action which sought damages for breach of an oral contract and in quantum meruit arising out of Harrison's alleged provision of certain services to appellee, Marvin Pritchett. We agree with the trial court that Harrison's cause of action for breach of an oral contract is precluded by the statute of frauds and we affirm the judgment as to that count. Because the statute of frauds does not apply to her claim based on quantum meruit, however, we reverse as to that count.
The pleadings reflect that Harrison and Pritchett were involved in a "long-standing personal relationship" which ended in 1994. In July 1994, Harrison filed a two-count complaint seeking damages for certain services that she provided Pritchett, "his family and employees including cleaning, cooking, shopping, catering, hair cutting, laundry, driving and other personal services, over the period of 1984 to 1994." In her count for breach of an oral agreement, Harrison alleges that in 1984 Pritchett agreed to establish a $250,000 trust fund for the benefit of Harrison and that, in consideration of Pritchett's promise, Harrison provided the above services. She further alleges that Pritchett failed and refused to perform this oral agreement, in that either a trust fund in the amount of $250,000 was not established or that the trust fund was established and subsequently liquidated, and that as the result of Pritchett's breach Harrison has sustained damages in the amount of $250,000. In her quantum meruit count, Harrison alleges that from 1976 through 1994 she provided the above services to Pritchett, his family and employees; that Harrison expected to be paid for such services; that Pritchett accepted and received benefit from the services provided by Harrison; and that Pritchett failed to pay Harrison the reasonable value of $250,000 for the services.
Pritchett's motion to dismiss, asserting that Harrison had failed to state a cause of action, was denied by the trial court. In his answer, among other defenses, Pritchett raised the statute of frauds as an affirmative defense to both counts. Following a hearing on Pritchett's motion for judgment on the pleadings, the trial court granted Pritchett a judgment on the pleadings as to both counts based solely upon the application of the statute of frauds. This appeal followed.
Under Florida's statute of frauds:
No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof, ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized.
§ 725.01, Fla. Stat. (1995). The alleged agreement in the instant case was not in writing and, as alleged, contemplated performance for longer than one year. Harrison argues that, because she has performed her obligations under the oral agreement, the instant agreement is removed from the statute by the doctrine of part performance. We cannot agree. Although certain of our sister courts have applied this doctrine in cases involving partially performed oral contracts for services,[1] this court has limited "the application *652 of the narrow doctrine of `part performance' to ... action[s] which ... involve an agreement to convey land, and which seek[ ] ... the equitable remedy of specific performance of the contract...." Collier v. Brooks, 632 So.2d 149, 158 (Fla. 1st DCA 1994). As a result, in this district the part performance doctrine has no application to the alleged services contracted for in the instant case. Accordingly, we affirm the trial court's ruling with respect to the count based on an alleged oral agreement.
The application of the statute of frauds to the count for quantum meruit, however, requires a different analysis. In the order granting Pritchett's motion for judgment on the pleadings, the trial court ruled that Harrison's quantum meruit claim was barred by the statute of frauds, reasoning as follows:
The Defendant [Pritchett] alleges in Count II that the Plaintiff [Harrison] provided personal services over the period from 1976 through 1994 and is entitled to be paid on the basis of quantum meruit. The question is then whether an implied contract to pay for personal services lasting for a period of time greatly in excess of one (1) year can avoid the Statute of Frauds when an express contract would be barred. Logic and the law both dictate that such a contract whether expressed or implied should be barred.
Because the statute of frauds does not apply to a claim for quantum meruit, this ruling was error.
The question of whether the statute of frauds applies in quantum meruit actions does not appear to have been directly addressed by a Florida appellate court holding. Nevertheless, the conceptual basis on which an action for quantum meruit is based compels our holding that the statute is inapplicable. An action founded on quantum meruit is "a common law variety of restitution," B & F of Clearwater, Inc. v. Wesley Construction Co., 237 So.2d 790, 792 (Fla. 2d DCA 1970), "to enforce an implied promise, otherwise referred to as a `quasi contract' or a contract implied in law." Tobin & Tobin Ins. Agency, Inc. v. Zeskind, 315 So.2d 518, 520 (Fla. 3d DCA 1975). The Restatement of Contracts distinguishes an action on a contract from a quantum meruit or restitution action for the purposes of the statute of frauds, informing us that "[a]n action for restitution ... is not regarded as an action `upon' the contract within the meaning or purpose of the Statute of Frauds, and the remedy is not in general affected by the Statute." Restatement (Second) of Contracts § 141, cmt. a (1981). Thus,
[w]hen a plaintiff uses quantum meruit to obtain recovery when the statute of frauds otherwise would deny recovery, modern courts with one exception allow recovery and are consistent in measuring recovery when the plaintiff has performed services for the defendant. The one exception is for the more modern requirement that agreements to pay brokerage or finder's fees be in writing.
Candace S. Kovacic, A Proposal to Simplify Quantum Meruit Litigation, 35 Am. U.L.Rev. 547, 595-96 (1986)(footnotes omitted); see also Peters v. Morse, 96 A.D.2d 662, 466 N.Y.S.2d 504, 505 (1983). Although not directly ruling upon the issue before us in the instant case, Florida courts have recognized that a party can bring an action in quantum meruit when an action on an oral contract is excluded by the operation of the statute of frauds. See Miller v. Greene, 104 So.2d 457, 462 (Fla.1958); Collier v. Brooks, 632 So.2d at 158 n. 20; Neveils v. Thagard, 145 So.2d 495, 497 (Fla. 1st DCA 1962); see also Rohrback v. Dauer, 469 So.2d 833, 834 n. 1 (Fla. 3d DCA 1985); and Hiatt v. Vaughn, 430 So.2d 597, 598 n. 2 (Fla. 4th DCA 1983). Accordingly, because the trial court erroneously applied the statute of frauds to the quantum meruit count, we reverse as to that count.[2]
*653 AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
WOLF and PADOVANO, JJ., concur.
NOTES
[1] See Goslin v. Racal Data Communications, Inc., 468 So.2d 390 (Fla. 3d DCA), rev. denied, 479 So.2d 117 (Fla.1985); AV-MED, Inc. V. French, 458 So.2d 67 (Fla. 3d DCA 1984); Hiatt v. Vaughn, 430 So.2d 597 (Fla. 4th DCA 1983); Dionne v. Columbus Mills, Inc., 311 So.2d 681 (Fla. 2d DCA 1975); Miami Beach First National Bank v. Shalleck, 182 So.2d 649 (Fla. 3d DCA 1966). Pursuant to Article V, section 3(b)(3), of the Florida Constitution, we certify conflict with these decisions.
[2] Our decision here is based solely on the application of the statute of frauds to the instant causes of action and in no way addresses the merits of the appellant's action. See Poe v. Estate of Levy, 411 So.2d 253 (Fla. 4th DCA 1982); Crossen v. Feldman, 673 So.2d 903 (Fla. 2d DCA 1996).