862 So.2d 743 (2003)
Isaac CORIAT, Appellant,
v.
GLOBAL ASSURANCE GROUP, INC., and Morgan-White Administrators, INC., Appellees.
No. 3D02-1096.
District Court of Appeal of Florida, Third District.
October 15, 2003.
Rehearing Denied January 9, 2004.
Lopez & Best, and Virginia M. Best, Miami, for Appellant.
Jack Geckler and Nicholas Fernandez, for Appellee Global Assurance Group, Inc.
Allan Jay Atlas, Fort Myers, Hessen, Schimmel, and De Castro for appellee Morgan-White Administrators, Inc.
Before GERSTEN, RAMIREZ, and WELLS, JJ.
PER CURIAM.
We reverse the final order dismissing the insured's third amended complaint. A trial court when considering a motion to dismiss must look only to the four corners of the complaint including the attachments; and the allegations contained therein should be taken as true without regard to the pleader's ability to prove them. See K.W. Brown and Co. v. McCutchen, 819 So.2d 977 (Fla. 4th DCA 2002).
Here, the trial court granted the motion to dismiss and cited to Royal Caribbean Cruises, Ltd. v. Universal Employment Agency, 664 So.2d 1107 (Fla. 3d DCA 1995). Royal Caribbean held that the cause of action arose out of contract and thus the contract clause requiring the claims to be settled by arbitration governed, even though the action sounded entirely in tort. See Royal Caribbean Cruises, Ltd. v. Universal Employment Agency, 664 So.2d at 1107. The arbitration clause referred to in the motion to dismiss was not part of the complaint nor was it an attachment. Therefore dismissal on these grounds was incorrect. See Sigma Fin. Corp. v. Inv. Loss Recovery Serv., Inc., 673 So.2d 572 (Fla. 4th DCA 1996). Accordingly, the order below is reversed.
Reversed.