CORTIÑAS, Judge.
The Plaintiffs, Ana Suarez, and Dionisio Pascual, as personal representative of the Estate of Carlos Pascual, appeal from a final order dismissing their first amended complaint (“complaint”) with prejudice. We reverse.
On the morning of December 31, 2000, Carlos Pascual (“Pascual”) was driving his car in which his mother, Ana Suarez (“Suarez”), was riding as a front seat passenger. Due to an inoperable traffic signal at the intersection of Milam Dairy Road and N.W. 12 Street (“intersection”) in Miami-Dade County (“County”), Pascual’s vehicle collided with a Miami-Dade police car. Suarez suffered bodily injuries and Pascual died from injuries sustained in the accident.
In the instant action, the Plaintiffs filed a complaint against Florida Power & Light Company (“FPL”) alleging that FPL was negligent in undertaking to repair the failed transformer at the intersection on the day of the accident as well as the day prior to the accident. Plaintiffs allege that, on December 30, 2000, FPL sent technicians to the failed transformer to investigate multiple power outages, and, based on the presence of rodent droppings around the transformer, FPL should have realized that the contact of rodents with a transformer had caused the power outages. Plaintiffs also allege that, on December 31, 2000, FPL was negligent in turning off power to the grid and traffic signal at the intersection. They allege that FPL had a legally recognized duty to operate with due care in effectuating repairs on both dates.
FPL moved to dismiss the complaint on the ground that the Plaintiffs failed to allege any facts upon which FPL could have been found to owe them a legal duty. The trial court granted the motion to dismiss and a final judgment was entered in FPL’s favor.
When considering a motion to dismiss, a trial court’s consideration is limited to the four corners of the complaint, and the allegations contained therein must be accepted as true without regard to the *154 pleader’s ability to prove them. Coriat v. Global Assurance Group, Inc., 862 So.2d 743 (Fla. 3d DCA 2003). On appeal, this court must determine de novo whether the complaint alleges sufficient ultimate facts that would entitle the plaintiff to relief. Cohen v. American Home Assurance Co., 367 So.2d 677, 681 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla.1979). Moreover, deliberation of potential affirmative defenses or speculation about the sufficiency of evidence which the plaintiff will likely produce on the merits is irrelevant and immaterial when considering such a motion. Fixel v. Rosenthal & Rosenthal, Inc., 842 So.2d 204, 206 (Fla. 3d DCA 2003).
The determination of the existence of a duty of care in a negligence action is a question of law. McCain v. Fla. Power Corp., 593 So.2d 500, 502 (Fla.1992). “The duty element of negligence focuses on whether the defendant’s conduct created a broader ‘zone of risk’ that poses a threat of harm to others.” Goldberg v. Fla. Power & Light Co., 899 So.2d 1105, 1110 (Fla.2005)(quoting McCain, 593 So.2d at 502). Furthermore, the principle of duty is linked to the concept of foreseeability and may arise from the general facts of the case. McCain, 593 So.2d at 503.
Recently, in Goldberg, the Florida Supreme Court held that FPL’s deactivation of a traffic signal to effectuate repairs created a foreseeable zone of risk and gave rise to a legal duty to warn motorists of the hazardous condition. Goldberg, 899 So.2d at 1110-1111. Applying the undertaker’s doctrine, the Court held that, by undertaking the maintenance of a traffic signal, an electric company assumes a spe-tifie, legally recognized duty to act with reasonable care. Goldberg, 899 So.2d at 1113.
In light of Goldberg, we conclude that the trial court erred in granting FPL’s motion to dismiss the Plaintiffs’ complaint.[1] Casting the allegations of the complaint in a light most favorable to the Plaintiffs, and accepting them as true, we find that the Plaintiffs have adequately alleged that FPL assumed a legally recognized duty to operate with due care in effectuating repairs. In undertaking repairs to the failed transformer the day of the accident, as well as the day prior to the accident, FPL assumed a duty to do so in a non-negligent manner.[2] See Goldberg, 899 So.2d at 1115.
Additionally, the Plaintiffs allege that, by entering into a contract with the County to notify them of a power interruption within 15 minutes or less, FPL assumed a duty to third persons. The existence of such a duty was squarely addressed in Florida Power & Light Co. v. Goldberg, 856 So.2d 1011, 1016 (Fla. 3d DCA 2002), aff'd on other grounds, Goldberg, 899 So.2d at 1109 n. 2, 1120. In this case, the duty to warn arises out of the affirmative conduct by FPL in agreeing to notify the County of power outages. Thus, we find that Plaintiffs’ allegations are sufficient to withstand a motion to dismiss.
Plaintiffs also allege that FPL had a duty to maintain electrical current in the traffic signal, the breach of which was a proximate cause of the accident. However, this case is entirely distinguishable from cases where a power company had a contract with a municipality to maintain *155 certain street lights and, under those circumstances, undertook a duty. See, e.g., Clay Electric v. Johnson, 873 So.2d 1182 (Fla.2003), Martinez v. Fla. Power & Light Co., 863 So.2d 1204 (Fla.2003), and Dolan v. Fla. Power & Light Co., 872 So.2d 274 (Fla. 4th DCA 2004). In this case, Plaintiffs do not allege that FPL contracted with the County or anyone else to maintain the street lights at the intersection. Under these circumstances, we find that FPL owed no duty to the Plaintiffs to maintain electrical current to the intersection. Levy v. Fla. Power & Light Co., 798 So.2d 778 (Fla. 4th DCA 2001) rev. denied, 902 So.2d 790 (2005); Arenado v. Fla. Power & Light Co., 523 So.2d 628 (Fla. 4th DCA 1988).
Accordingly, we find that the Plaintiffs have properly alleged legal duties assumed by FPL, which arise from the undertaking of repairs and from the contracting to warn the County of power outages. We reverse the trial court’s order of dismissal and remand this matter for further proceedings consistent with this opinion.
Reversed and remanded.

. We note that the trial court did not have the benefit of the Florida Supreme Court's opinion in Goldberg when it entered its order dismissing the Plaintiffs' complaint.

. The Plaintiffs' allegations that the FPL technician deliberately turned off the power to initiate repairs must be taken as true without regard for the Plaintiffs' ability to prove them. See Coriat, 862 So.2d 743 (Fla. 3d DCA 2003).