917 So.2d 973 (2005)
Milton WINTER, Appellant,
v.
MIAMI BEACH HEALTHCARE GROUP, LTD., d/b/a Aventura Hospital & Medical Center, etc., et al., Appellees.
No. 3D05-1190.
District Court of Appeal of Florida, Third District.
December 28, 2005.
*974 Leonardo G. Renaud, for appellant.
Haliczer, Pettis & Schwamm, and Lori D. Kemp (Fort Lauderdale); Charlip Law Group, and David H. Charlip (Hollywood); Sean Donahue (Portland, OR), for appellees.
Before COPE, C.J., and SHEPHERD and CORTIÑAS, JJ.
PER CURIAM.
Milton Winter appeals an order of the court below dismissing a complaint brought by him against Aventura Hospital & Medical Center. The complaint asserts various product liability claims against Biotronik, Inc., the manufacturer of an allegedly defective pacemaker, implanted in Winter and removed from his body at Aventura Hospital. The hospital was joined as a defendant upon a single count, alleging negligent spoliation of evidence based upon Aventura's disposal of the pacemaker after it was removed. The dismissal was based upon the representation of counsel for Aventura in the motion to dismiss that the disposal occurred before any legal duty arose to maintain it. We reverse.
"A trial court when considering a motion to dismiss must look only to the four corners of the complaint including the attachments; and the allegations contained therein should be taken as true without regard to the pleader's ability to prove them." Coriat v. Global Assurance Group, Inc., 862 So.2d 743, 743 (Fla. 3d DCA 2003); Solorzano v. First Union Mortg. Corp., 896 So.2d 847, 850 (Fla. 4th DCA 2005) (holding that "when ruling on a motion to dismiss, a trial court may not speculate whether a complaint's allegations will ultimately be provable"). In this case, the trial court looked beyond the four corners of the complaint in granting the motion.
Even if we were to treat the motion as a motion for summary judgment, but see Holland v. Anheuser Busch, Inc., 643 *975 So.2d 621, 623 n. 2 (Fla. 2d DCA 1994) (holding that a motion to dismiss may be treated as a motion for summary judgment only in limited circumstances), the record is as yet insufficiently complete to support such a motion.
Reversed.