BENTON, J.
 

 Larry Ala appeals an order dismissing with prejudice, as barred by the statute of frauds, a two-count complaint he filed against Royce Chesser. We cannot agree that the statute of frauds precludes his claim seeking relief for unjust enrichment, and reverse the trial court’s dismissal of count one for that reason. We affirm the dismissal of count two seeking rescission and cancellation, however, because we conclude such relief is unavailable here.
 

 I.
 

 Mr. Ala’s second amended complaint
 
 [1]
 
 alleges that, in separate proceedings initiated by Mr. Chesser before Mr. Ala agreed to convey land to him, Mr. Chesser obtained a summary final judgment in foreclosure
 
 [2]
 
 ordering the sale of the property and application of the sale proceeds against the $88,001.53 debt Mr. Ala conceded he then owed Mr. Chesser. Before the foreclosure sale (scheduled to take place on June 19, 2006), according to the complaint, the parties agreed that Mr. Chesser would cancel the foreclosure sale in exchange for a quitclaim deed to the property and pay Mr. Ala $61,998.47 ($150,000 less the amount due under the summary final judgment of foreclosure).
 

 Pursuant to the parties’ oral agreement, the complaint alleged, Mr. Ala executed and delivered to Mr. Chesser a quitclaim deed, after which Mr. Chesser “told third parties who were interested in purchasing the property at the foreclos[ur]e sale not to participate at the sale because he already had a deed from [Mr. Ala].” The complaint alleged that, although Mr. Ches-ser accepted the quitclaim deed, he paid Mr. Ala nothing for the property and did not cancel the foreclosure sale. As a result, the complaint alleged, Mr. Chesser was the sole bidder at the foreclosure sale and obtained the property with a bid of $100.
 
 [3]
 

 
 *718
 
 II.
 

 “For purposes of ruling on the motion to dismiss, the trial court was obliged to treat as true all of the amended complaint’s well-pleaded allegations, including those that incorporate attachments, and to look no further than the amended complaint and its attachments.”
 
 Shands Teaching Hosp. and Clinics, Inc. v. Beech St. Corp.,
 
 899 So.2d 1222, 1224 (Fla. 1st DCA 2005) (quoting
 
 City of Gainesville v. State, Dep’t of Transp.,
 
 778 So.2d 519, 522 (Fla. 1st DCA 2001)). We are under the same obligation.
 
 [4]
 
 Whether the complaint states a viable cause of ac tion is a question of law, a question we consider
 
 de novo
 
 on review.
 
 See Andrew v. Shands at Lake Shore, Inc.,
 
 970 So.2d 887, 889 (Fla. 1st DCA 2007).
 

 In count one, appellant claimed Mr. Chesser had been unjustly enriched by “receiving] the Deed prior to the foreclosure sale without paying the value thereof’ to appellant and sought damages, interest, costs and reasonable attorney’s fees. In count two, appellant sought rescission and cancellation of the certificate of title issued following the foreclosure sale, restoration of title in himself, and cancellation and rescission of the quitclaim deed. The trial court dismissed both counts with prejudice, ruling any action barred by the statute of frauds because appellant’s claims were “founded on allegations of an oral agreement to transfer an interest in real property.”
 

 A.
 

 In count one, Mr. Ala sought to recover based upon Mr. Chesser’s unjust enrichment when he accepted the quitclaim deed he allegedly induced Mr. Ala to give him, without giving anything in exchange.
 
 See Williams v. Grogan,
 
 100 So.2d 407, 410 (Fla.1958) (“The rule is well established in Florida and elsewhere to the effect that' when a person acquires title to property through the influence of a confidential relationship or otherwise obtains an advantage which he should not in good conscience be permitted to retain, a court of equity will prevent the abuse of the confidence and grant relief on the broad principle that one should not be permitted to be unjustly enriched under such circumstances at the expense of another.”).
 

 A claim for unjust enrichment seeks restitution from a party allegedly unjustly enriched.
 
 See
 
 Restatement of Restitution § 1, at 12 (1937) (“A person who has been unjustly enriched at the expense of another is required to make restitution to the other.”). “[A]n action for restitution ... is not regarded as an action ‘upon’ the contract within the meaning or purpose of the Statute of Frauds, and the remedy is not in general affected by the Statute.”
 
 Harrison v. Pritchett,
 
 682 So.2d 650, 652 (Fla. 1st DCA 1996) (quoting Restatement (Second) of Contracts § 141, cmt. a (1981)).
 

 The statute of frauds “grew out of a purpose to intercept the frequency and success of actions based on nothing more than loose verbal statements or mere innuendos” and “should be strictly construed to prevent the fraud it was designed to correct.”
 
 Yates v. Ball,
 
 132 Fla. 132, 138, 181 So. 341, 344 (Fla.1937) (stating “so long as [the statute] can be made to effectuate this purpose, courts should be reluctant to take cases from its protection”). In relevant part, the statute of frauds provides:
 

 
 *719
 
 No action shall be brought ... upon any contract for the sale of lands ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in wiiting and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.
 

 § 725.01, Fla. Stat. (2007). But Mr. Ala relies here on cases holding that the statute of frauds does not defeat recovery where the party seeking redress proves full performance on his part of an oral agreement for the conveyance of land.
 
 See Burke v. Napieracz,
 
 674 So.2d 756, 758 (Fla. 1st DCA 1996) (recognizing the “longstanding exception to the statute of frauds ... [that] when a party to an oral contract has fully performed his or her obligations under the contract, the statute of frauds may not be employed as a defense” (citing
 
 Yates v. Ball,
 
 132 Fla. 182, 181 So. 341 (1937))).
 

 The statute of frauds is no bar to count one of appellant’s second amended complaint because it alleged that Mr. Ala fully performed.
 
 See Brodie v. All Corp. of USA,
 
 876 So.2d 577, 579 (Fla. 4th DCA 2004) (“Full performance of an agreement takes the agreement outside the Statute of Frauds.”);
 
 W.B.D., Inc. v. Howard Johnson Co.,
 
 382 So.2d 1323, 1327 (Fla. 1st DCA 1980) (“When an oral contract has been fully performed by one party, the statute of frauds may not be employed as a defense, even though the subject matter of the contract is the conveyance of an interest in land.”);
 
 see also McGee v. Emmer Dev. Corp.,
 
 541 So.2d 1292, 1294 (Fla. 1st DCA 1989) (“Partial or complete performance removes an agreement from the statute of frauds irrespective of whether such an agreement contains as the subject the conveyance of land.” (quoting
 
 Futch v. Head,
 
 511 So.2d 314, 319 (Fla. 1st DCA 1987)));
 
 Elliott v. Timmons,
 
 519 So.2d 671, 672 (Fla. 1st DCA 1988) (“It is well-established that partial or complete performance removes an oral contract from the statute of frauds.” (citing
 
 Futch,
 
 511 So.2d at 319)).
 

 The doctrines of part and full performance apply where a party to an oral agreement for the conveyance of land seeks relief in equity, even where an action for damages at law arising out of the same agreement would be barred by the statute of frauds.
 
 [5]
 
 Remedying unjust enrichment
 
 *720
 
 is affording equitable relief.
 
 See Kolski ex rel. Kolski v. Kolski,
 
 731 So.2d 169, 172 (Fla. 3d DCA 1999) (holding statute of frauds “simply inapplicable” to claims for “unjust enrichment/restitution and the imposition of a constructive trust”).
 
 See also Harrison,
 
 682 So.2d at 652 (holding statute of frauds could not bar a claim for quantum meruit relief, “a ... variety of restitution” (quoting
 
 B & F of Clearwater, Inc. v. Wesley Constr. Co.,
 
 237 So.2d 790, 792 (Fla. 2d DCA 1970))).
 

 B.
 

 Appellant also sought equitable relief in count two, in the form of rescission and cancellation both of the quitclaim deed and of the certificate of title issued to Mr. Chesser in the separate foreclosure proceeding. The statute of frauds does not bar this count, either. But other circumstances — apparent from the face of the second amended complaint and its attachments — support dismissal of this count.
 
 See D.R. Horton, Inc.
 
 — Jacksonville
 
 v. Peyton,
 
 959 So.2d 390, 397-98 (Fla. 1st DCA 2007) (noting that under the “tipsy coachman” rule, “[w]hen the trial court reaches the right result, but for the wrong reasons, that decision will be upheld on appeal if there is any basis which would support the judgment in the record” (citing
 
 Dade County Sch. Bd. v. Radio Station WQBA,
 
 731 So.2d 638, 644-45 (Fla.1999))).
 

 According to the allegations, Mr. Ala knew Mr. Chesser had breached their oral agreement by the time of the foreclosure sale. Mr. Ala could, therefore, have raised objections to the foreclosure sale before the clerk issued a certificate of title.
 
 See Opportunity Funding I, LLC v. Otetchestvennyi,
 
 909 So.2d 361, 362 (Fla. 4th DCA 2005) (holding that the clerk “lacks authority to issue a certificate of title ... when an objection to a foreclosure sale is timely filed”);
 
 Nelson v. Santora,
 
 570 So.2d 1374, 1376 (Fla. 1st DCA 1990) (observing that statute directs clerk of court to issue certificate of title following foreclosure sale within ten days only if no objections have been filed within that time and holding that “obviously,” where “the trial court has received objections to the sale[,] ... those must be resolved before title can issue”);
 
 O’Neal v. McElhiney,
 
 172 So.2d 492, 494 (Fla. 1st DCA 1965) (recognizing power of chancellor in foreclosure proceedings “to confirm or set aside a foreclosure sale”).
 

 By the time the original complaint was filed in the present case, moreover, Florida Rule of Civil Procedure 1.540 precluded any attempt to set aside the judgment or sale in the earlier foreclosure proceedings, more than one year having elapsed since the proceedings concluded.
 
 See
 
 Fla. R. Civ. P. 1.540(b) (2007) (providing that a “court may relieve a party ... from a final judgment, decree, order, or proceeding” based on,
 
 inter alia,
 
 “fraud ..., misrepresentation, or other misconduct of an adverse party” only if the party moves for such relief “not more than 1 year after the judgment, decree, order, or proceeding was entered or taken”).
 

 Mr. Ala cannot, in short, reopen the foreclosure proceedings at this late
 
 *721
 
 date. The foreclosure judgment is res judicata.
 
 See Advisory Opinion to the Att’y Gen. re Referenda Required for Adoption and Amendment of Local Gov’t Comprehensive Land Use Plans,
 
 938 So.2d 501, 505 (Fla.2006) (“Res judicata bars the litigation of issues that were raised or could have been raised in a prior proceeding between the same parties.”). The complaint and attachments demonstrate that Mr. Chesser holds title by virtue of the foreclosure proceedings, as well as under the quitclaim deed. Because (as appellant conceded during oral argument) res judica-ta principles preclude Mr. Ala’s claim for rescission and cancellation of the certificate of title issued after the foreclosure sale, the claim for rescission and cancellation of the quitclaim deed is moot. Rescission or cancellation of the quitclaim deed would not affect title. On this basis alone, the trial court did not err in dismissing count two of appellant’s second amended complaint.
 

 III.
 

 In sum, we hold that, because count one alleged that Mr. Ala fully performed under an oral agreement for the conveyance of real property and sought equitable relief based on the unjust enrichment that allegedly resulted, the statute of frauds did not authorize or justify dismissal of count one. We therefore reverse the dismissal of count one. But we affirm the trial court’s dismissal of count two for reasons unrelated to the statute of frauds.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 KAHN and BROWNING, JJ, concur.
 

 [1]
 

 . Appellant filed his initial complaint on July 25, 2007, and the second amended complaint on December 31, 2007.
 

 [2]
 

 .Appellant attached the summary final judgment in foreclosure dated May 24, 2006, to his second amended complaint.
 

 [3]
 

 .Appellant also attached to his complaint the certificate of title issued by the clerk of court
 
 *718
 
 in the foreclosure proceedings on June 29, 2006, following the foreclosure sale.
 

 [4]
 

 .
 
 See Siegle v. Progressive Consumers Ins. Co.,
 
 819 So.2d 732, 734-35 (Fla.2002);
 
 Todd
 
 v.
 
 Johnson,
 
 965 So.2d 255, 256-57 (Fla. 1st DCA 2007).
 

 [5]
 

 . While a party may not avoid application of the statute of frauds on grounds of partial or full performance in an action solely for money damages,
 
 see Wharfside at Boca Pointe, Inc. v. Superior Bank,
 
 741 So.2d 542, 545 (Fla. 4th DCA 1999), the statute of frauds does not bar an injured party's claims for equitable relief.
 
 See Williams v. Grogan,
 
 100 So.2d 407, 410 (Fla.1958) (concluding that where a mother was unjustly enriched by her son’s conveyance to her of property, “[a] trust ... [was] created by operation of law” that was "not within the statute of frauds” and that could "be proved by parol evidence");
 
 see also Guest v. Claycomb,
 
 932 So.2d 567, 570 (Fla. 5th DCA 2006) (holding plaintiff's claims for constructive trust and equitable lien based on an alleged oral agreement concerning the conveyance of real property not barred by statute of frauds). In
 
 Elsberry v. Sexton,
 
 61 Fla. 162, 166, 54 So. 592, 593 (Fla.1911), the supreme court held:
 

 Where a contract is for the sale of lands, or any interest therein, and is not in writing, no action at law can ever be maintained upon it. Part performance of such a contract is a ground for relief in equity only, and there on the principle of relieving from fraud.
 

 The suit here is nothing more than an action at law for the recovery of damages for alleged breach of an oral contract for the purchase of an interest in realty, which action is expressly forbidden by our statute of frauds.
 

 Collier v. Brooks, 632
 
 So.2d 149, 155-56 (Fla. 1st DCA 1994) (quoting
 
 Elsberry,
 
 54 So. at 593).
 
 See id.
 
 at 155 ("[T]he Florida Supreme Court has applied the doctrine of part per
 
 *720
 
 formance only in suits involving specific performance of oral contracts for the conveyance of land or an interest in land.”);
 
 Williams v. Faile,
 
 118 So.2d 599, 602 (Fla. 1st DCA 1960) (holding that "[p]art performance does not have the effect of removing the bar of the Statute of Frauds to this action at law”);
 
 see also Dwight v. Tobin,
 
 947 F.2d 455, 459-60 (11th Cir.1991) (following established Florida rule that “part performance is an equitable doctrine only and is not available in actions for damages at law,” and noting that the "venerable rule established in
 
 Elsberry v. Sexton ...
 
 remains alive and well” notwithstanding some district court decisions failing to apply the rule).