# Third District Court of Appeal

## State of Florida

Opinion filed January 24, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2641
Lower Tribunal No. 15-15660
_____


**Christopher Jester and Denise Jester,**
Appellants,

vs.

**Carol Pawley,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

Scott Alan Orth (Hollywood), for appellants.

Martinez Morales, Raul Morales and Aaron P. Honaker, for appellee.


Before LAGOA, EMAS and SCALES, JJ.

EMAS, J.

Christopher and Denise Jester seek review of the trial court's order dismissing, with prejudice, all claims against Carol Pawley.[1] With the exception of one count—for unjust enrichment—we affirm the order in its entirety.

As to the claims for breach of fiduciary duty, violations of the Florida Unfair and Deceptive Trade Practices Act (FDUTPA, Chapter 501, Florida Statutes (2016)), violation of sections 475.42(1)(e) and 475.25(1)(b), Florida Statutes (2016) and for intentional infliction of emotional distress, we affirm the trial court's dismissal without further discussion.

As to the counts for negligent misrepresentation, fraud and rescission, and fraud in the inducement, the trial court properly dismissed those claims against Pawley as they are barred by the statute of frauds, section 725.01, Florida Statutes (2016). See Canell v. Arcola Housing Corp., 65 So. 2d 849 (Fla. 1953); 940 Lincoln Road Assoc., LLC v. 840 Lincoln Road Enters., Inc., No. 3D16-2748 (Fla. 3d DCA Dec. 27, 2017); India Am. Trading Co. v. White, 896 So. 2d 859 (Fla. 3d DCA 2005); Ashland Oil, Inc. v. Pickard, 269 So. 2d 714 (Fla. 3d DCA 1972).

However, to the extent the trial court concluded that the statute of frauds barred the unjust enrichment count pleaded by the Jesters against Pawley, this was error, and we therefore reverse the trial court's order dismissing that count with prejudice.[2] See Kolski ex rel. Kolski v. Kolski, 731 So. 2d 169, 172 (Fla. 3d DCA

---

[1] The amended complaint included counts against several other defendants, none of whom are parties to this appeal.

1999); <u>Ala v. Chesser</u>, 5 So. 3d 715, 719-20 (Fla. 1st DCA 2009); <u>Brace v. Comfort</u>, 2 So. 3d 1007 (Fla. 2d DCA 2008); <u>Harrison v. Pritchett</u>, 682 So. 2d 650 (Fla. 1st DCA 1996).  We reject the additional arguments advanced by Pawley as a basis for affirming the dismissal of the unjust enrichment count, as they require consideration of matters beyond the four corners of the amended complaint and its attached exhibits, and also present questions of fact unsuitable for resolution on a motion to dismiss for failure to state a cause of action.   See <u>Santiago v. Mauna Loa Inv., LLC</u>, 189 So. 3d 752, 755 (Fla. 2016) (holding that when a trial court "determines the sufficiency of a complaint to state a cause of action, it applies the so-called 'four corners rule,'" by which "the court's review is limited to an examination solely of the complaint and its attachments"); <u>Winter v. Miami Beach Healthcare Grp., Ltd.</u>, 917 So. 2d 973, 974 (Fla. 3d DCA 2005) (holding: "A trial court, when considering a motion to dismiss for failure to state a cause of action, "must look only to the four corners of the complaint including the attachments; and the allegations contained therein should be taken as true without regard to the pleader's ability to prove them") (quoting <u>Coriat v. Global Assur. Group, Inc.</u>, 862 So. 2d 743, 743 (Fla. 3d DCA 2003)).

---

[2] We express no opinion as to what effect, if any, provisions contained in the parties' contract may have on the Jesters' unjust enrichment claim.

3

We reverse the trial court's order dismissing with prejudice the claim for unjust enrichment against Carol Pawley.  We affirm in all other respects the trial court's order of dismissal.

Affirmed in part, reversed in part, and remanded.