# Third District Court of Appeal

## State of Florida

Opinion filed May 2, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-122
Lower Tribunal No. 14-2925
_____

## Michael Muchnick and Valerie Muchnick,
Appellants,

vs.

## Richard Goihman,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Marin, Judge.

International Law Partners LLP and Zahra Khan (Hollywood), for appellants.

Nexterra Law, Steven M. Liberty, and Eric A. Jacobs, for appellee.

Before LAGOA, EMAS and LUCK, JJ.

LUCK, J.

Michael and Valerie Muchnick, former tenants in a Williams Island apartment, appeal the trial court's summary judgment in favor of their former

rental agent, Richard Goihman, on their claims that Goihman fraudulently induced the couple to rent the apartment, and negligently repaired the water intrusion and mold problems with the apartment. We affirm the summary judgment on the fraud in the inducement claim, but reverse on the negligence claim and remand for further proceedings.

*Factual Background and Procedural History*

Goihman was a real estate agent working for Fortune International Realty. He knew the Muchnicks because they lived in the same apartment building in Aventura. When Goihman learned the Muchnicks needed to move from their current apartment because it was being sold, he approached them about renting a different unit in the same building. In April 2012, the Muchnicks entered into a two-year lease agreement to rent the new apartment for $7,500 a month. They paid their rent in six-month installments. Fortune International Reality was listed as the broker on the transaction.

During a walk-through of the apartment with Goihman, the Muchnicks pointed out cosmetic issues with the unit – scuffed floors; paint touch ups – which Goihman assured them would be addressed prior to them moving in. But the issues were not resolved, and when the Muchnicks moved in, they discovered that the problems were greater and more serious than they first realized. Most significantly, leaks in the bathroom resulted in water damage and mold in the

ventilation system. The mold, according to the Muchnicks, affected their children's health and required that they be put on medication. The Muchnicks communicated primarily with Goihman regarding issues with the unit because the owner lived abroad. Due to the mounting repairs and Goihman's failure to quickly resolve the issues, the Muchnicks terminated the lease about six months early and, in February 2014, filed suit against Goihman and the owner of the apartment.

The complaint alleged the following against Goihman: fraud in the inducement; breach of covenant of quiet enjoyment of the premises; breach of covenant of good faith and fair dealing; unjust enrichment; and negligence. Goihman moved for summary judgment on all counts, which the trial court granted. The Muchnicks appeal only the trial court's summary judgment on their fraud in the inducement and negligence claims.

*Standard of Review*

"The determination of duty, as an element of negligence, is a question of law, and is therefore subject to de novo review. We also review de novo a trial court's granting of summary judgment." Chirillo v. Granicz, 199 So. 3d 246, 248-49 (Fla. 2016) (citations omitted).

*Discussion*

We affirm without discussion the summary judgment on the fraud claim, but reverse summary judgment and remand for further proceedings on the negligence

3

claim. In their complaint, the Muchnicks alleged that Goihman "owed a duty . . . to maintain a secure and mold free home, and when necessary, to repair or replace areas of the home to ensure the quiet enjoyment by the Muchnicks." Goihman breached this duty, they alleged, by: "failing to protect their home from damaging water intrusion"; "failing to repair the corrosion with the plumbing throughout the apartment"; "failing to take quick measures to remedy"; "failing to remedy the long term effects of water intrusion into the home and throughout the common elements creating an environment conducive to the spread of harmful algae, spores and mold"; and "failing to provide a habitable home for the Muchnicks and maintain the home in a manner conducive to healthy living."

Goihman moved for summary judgment on the negligence claim because: (1) he was acting in the scope of his employment with Fortune International Realty, and thus, was not a proper party; and (2) Goihman owed no duty to the Muchnicks. Not knowing from the trial court's unelaborated order on what basis it granted summary judgment, we will address both summary judgment arguments.[1]

---

[1] In addition to his proper party and duty arguments, Goihman says we must affirm because there is no transcript of the summary judgment hearing in the appellate record. We rejected the same contention in Seal Products v. Mansfield, 705 So. 2d 973 (Fla. 3d DCA 1998), explaining:

> Where the appeal is from a summary judgment, the appellant must bring up the summary judgment record, that is, the motion, supporting and opposing papers, and other matters of record which were pertinent to the summary judgment motion. Those are the portions of the record essential to a determination whether summary judgment was

4

<u>Proper Party</u>

Goihman argued that he was not liable for negligence, and not a proper party, because he was acting in the scope of his employment, and not in his individual capacity, in his dealings with the Muchnicks. But just because Goihman was acting in the scope of his employment when he rented the apartment, promised to fix it, and managed the repairs, doesn't mean that he was shielded from personal liability under all circumstances. "[O]fficers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment. All that needs to be alleged is that the agent or officer personally participated in the tort, even if the complained of action was because of and entirely within the scope of his or her employment." <u>Vesta Const. & Design, L.L.C. v. Lotspeich & Assocs., Inc.</u>, 974 So. 2d 1176, 1180 (Fla. 5th DCA 2008) (Lawson, J.) (citations and quotations omitted).

---

> properly entered. However, the hearing on the motion for summary judgment consists of the legal argument of counsel, not the taking of evidence. Consequently, it is not necessary to procure a transcript of the summary judgment hearing, although it is permissible and often helpful to do so.

<u>Id.</u> at 975 (citation omitted). Here, as in <u>Mansfield</u>, we have Goihman's motion for summary judgment, the Muchnicks' response, and the evidence they relied on. While a transcript would have been helpful, it is not necessary for our de novo review of whether there's a genuine issue of material fact on the Muchnicks' negligence claim.

Here, the summary judgment evidence showed that Goihman personally participated in the negligence. Mr. Muchnick testified in his deposition that Goihman promised the problems in the apartment would be taken care of before the Muchnicks moved in. Mr. Muchnick testified that after his family moved into the apartment, and there were continued problems, Goihman again promised to fix them. Mr. Muchnick testified that Goihman made some arrangements to fix the mold and water intrusion issues, but the issues were not resolved. This precludes summary judgment on whether Goihman was the proper party.

### Duty

Goihman contends that because he was not the owner or landlord of the apartment, he owed no duty of reasonable care to the Muchnicks. But once Goihman made the promise to fix the problems in the apartment, and managed the repairs, he had a duty through the undertaker's doctrine to exercise reasonable care in making the repairs.

The Florida Supreme Court has described the "undertaker's doctrine" this way: "Whenever one undertakes to provide a service to others, whether one does so gratuitously or by contract, the individual who undertakes to provide the service – i.e., the 'undertaker' – thereby assumes a duty to act carefully and to not put others at an undue risk of harm." Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003). "The undertaker is subject to liability if: (a) he or she fails

6

to exercise reasonable care, which results in increased harm to the beneficiary; or (b) the beneficiary relies upon the undertaker and is harmed as a result." Limones v. Sch. Dist. of Lee Cty., 161 So. 3d 384, 388 n.3 (Fla. 2015).

Goihman had a duty of reasonable care to the Muchnicks when he voluntarily undertook to fix the problems with the apartment. In Mr. Muchnick's deposition, he testified that "[Goihman] promised that he would take care of the issues while we were living there" and that he "made it very clear that since [] [they] lived in the building together that if there were any issues, to let him know, and he would be on top of it." Mr. Muchnick testified that Goihman was the "go-to guy" for purposes of addressing issues with the apartment both before and after his family moved in. According to Muchnick, Goihman repeatedly told him that he would take care of the repairs and yet Goihman never resolved the issues. By undertaking the responsibility for the repairs throughout the time the Muchnicks lived in the apartment, Goihman "assume[d] a specific, legally recognized duty to act with reasonable care." Pascual v. Fla. Power & Light Co., 911 So. 2d 152, 154 (Fla. 3d DCA 2005).

Mootness

Goihman finally argues that the case is moot because the Muchnicks agreed to a final judgment against the codefendant for $82,000, and filed a satisfaction as

7

to the codefendant. According to Goihman, because the claims and damages against him are the same, the satisfaction also released him from liability.

Goihman assumes one important fact: that the settlement amount covered the entire amount of the Muchnicks' damages. There is nothing in the record to indicate that the $82,000 paid by the codefendant covered all of their repair costs, the replacement costs of a new apartment, moving expenses, and medical bills for their children, among other expenses. Mid-litigation monetary settlements are often less than the total amount of damages that the plaintiff was claiming. Each side gives up something when they settle, including some of the plaintiff's potential monetary damages award.

The final judgment against the codefendant appears to be that kind of settlement. It provided that the $82,000 is for "partial" rent reimbursement and out-of-pocket expenses. The final judgment did not say it was in full satisfaction of the Muchnicks' damages, and it didn't mention the other expenses the family had as a result of Goihman's alleged negligence.

Ultimately, we don't know at this point of the litigation what the Muchnicks total damages will be. Damages were not an issue in Goihman's summary judgment motion. Without evidence of the amount of the Muchnicks' damages, we cannot say that the settlement with the codefendant extinguished or mooted the claim against Goihman.

*Conclusion*

We, therefore, affirm the summary judgment in favor of Goihman on the Muchnicks' fraud in the inducement claim, and reverse on the negligence claim. We remand for further proceedings on the negligence claim only.

Affirmed in part, reversed in part, and remanded for further proceedings.